Dear Representative Hoffman:
You have requested an opinion of this Office as to whether the Ouachita Parish Police Jury ("OPPJ") has the statutory authority to impose building code or construction requirements that are more burdensome than those provided by the Federal Emergency Management Agency ("FEMA") and which apply to structures already exceeding the base flood elevations established by FEMA. For example, as stated in your request, the OPPJ proposes to require construction elevations for your constituents that exceed the elevations required by FEMA and the National Flood Insurance Plan by a height of several feet.[1]
With regard to the authority of the OPPJ, this Office has previously stated that:
 [p]olice juries are creatures and subordinate political subdivisions of the state, possessing only those powers conferred upon them by the State's constitution and statutes, unless the parish has adopted a home rule charter or has been empowered with the right to exercise any power not denied by its charter or by state law.[2] *Page 2 
Therefore, the OPPJ's authority to enact building codes must stem from the Louisiana Constitution or statutes because the OPPJ has not adopted a home rule charter. A police jury's constitutional authority to enact land use and zoning ordinances stems from La.Const. Art. 6, § 17.[3]
La.Const. Art. 6 § 17 states:
 [s]ubject to uniform procedures established by law, a local government subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures.[4]
La.R.S. 33:1236 (38) establishes the "uniform procedures established by law" for local governmental subdivisions that wish to enact building codes. It states, in pertinent part, that the police juries and other parish governing authorities shall have the following power(s):
 (a) To pass zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power, to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas.
However, while this authority is granted to the local governmental subdivisions, Section (b) limits this authority by expressly stating "[t]he provisions of Subparagraph (a) of this paragraph shall applyonly insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act. . ."[5]
"[S]ince police juries possess only those powers delegated to them by the State Constitution and statutes, police juries cannot delegate those duties without specific legislative directive."[6]
Therefore, while OPPJ has the authority to enact building codes to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas, it may only do so insofar as is necessary for the parish to use such powers and authority to qualify for the National Flood Insurance Act. *Page 3 
This Office has issued opinions relating to the adoption of FEMA flood maps for purposes of participation in the National Flood Insurance Plan ("NFIP").[7] These opinions dealt primarily with the authority of local governmental subdivisions in approving/adopting the maps prepared and distributed by FEMA for NFIP purposes and not, as is the subject of this opinion, the authority to enact building codes.
Further, setting forth the Legislature's intent to establish public policy for a uniform state construction code, La.R.S. 40:1730.21 states:
 A. The public policy of Louisiana is to maintain reasonable standards of construction in buildings and other structures in the state consistent with the public health, safety, and welfare of its citizens.
 B. This Part is enacted to enable the state of Louisiana to promulgate a state uniform construction code to govern the construction, reconstruction, alteration, and repair of buildings and other structures and the installation of mechanical devices and equipment therein. The state uniform construction code shall establish uniform performance standards providing reasonable safeguards for health, safety, welfare, comfort, and security balanced with affordability for the residents of this state who are occupants and users of buildings, and will provide for the use of modern methods, devices, materials, and techniques. The state uniform construction code will encourage the use of construction materials of the greatest durability, lower long-term costs, and provide greater storm resistance.
La.R.S. 40:1730.23 goes on to require that all municipalities and parishes enforce only the state construction code. It states "[n]otwithstanding any other law to the contrary relating to the authority of local governments to enforce construction codes, all municipalities and parishes in this state shall enforce only theconstruction codes provided for in this Part."[8]
Therefore, because La.R.S. 33:1236 (38) only allows police juries to enact building codes for the prudent use and occupancy of flood-prone and mud-slide areas only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act, the OPPJ cannot enact more stringent building codes unless it is doing so to qualify for the NFIP. *Page 4 
Also, because the State of Louisiana has established a uniform state construction code, pursuant to La.R.S. 40:1730.21, etseq., the OPPJ only has the statutory authority to enforce the state's uniform construction code.
CONCLUSION
La.R.S. 33:1236(38) allows local governmental subdivisions to pass zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power, only insofar as is to qualify for the National Flood Insurance Act. The State of Louisiana has established a uniform state construction code, pursuant to La.R.S. 40:1730.21, et seq., and the OPPJ, shall enforce only the construction codes provided for in this Part, as required by La.R.S. 40:1730.23.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] It should be noted that you have submitted this request on behalf of a constituent by incorporating the constituent's question into your opinion request letter to this Office.
[2] La. Atty. Gen. Op. 02-0434 (citing Rollins EnvironmentalServices of Louisiana, Inc. v. Iberville Parish Police Jury,371 So.2d 1127 (La. 1979)).
[3] La. Atty. Gen. Op. No. 02-0434.
[4] Emphasis added.
[5] Emphasis added.
[6] La. Atty. Gen. Op. No. 02-0434.
[7] See La. Atty. Gen. Op. No. 07-0219 and 09-0274.
[8] Emphasis added.